**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Zaire Terry, et al., | No. CV10-2212 PHX DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| AAA Arizona, | |
| Defendant. | |

This case was filed more than 15 months ago, on October 28, 2010. Doc. 1. When the complaint was not served within the 120 days required by Federal Rule of Civil Procedure 4, the Court entered an order on March 9, 2011, requiring pro se Plaintiffs to explain why the case should not be dismissed. Doc. 3. After receiving Plaintiff's response, the Court granted an extension until May 26, 2011, for the complaint to be served, but warned that the case would be dismissed if service was not completed promptly. Doc. 5. Service apparently was attempted by registered mail, an invalid means of service under Rule 4. Doc. 6. When no further activity occurred in the case, the Court entered an order on July 14, 2011 requiring Plaintiffs to report on the progress of the case and again warning that the case would be dismissed if further delayed. Doc. 7.

Counsel appeared for Plaintiffs on July 28, 2012, and requested leave to file an amended complaint. Docs. 8, 9. Willing to afford Plaintiffs limited additional time now that they were represented by counsel, the Court entered an order permitting Plaintiffs to

seek leave to file an amended complaint by August 25, 2011. Doc. 11. Leave was sought, and the Court entered an order on September 26, 2011, requiring Plaintiffs to file their amended complaint by October 5, 2011. Doc. 15. Apparently because an amended complaint had been filed improperly by counsel on August 25, 2011 (see LRCiv 15.1), no further complaint was filed by October 5, 2011. More importantly, the amended complaint was not served despite the Local Rule's requirement that it be served within 14 days (LRCiv 15.1).[1]

On October 24, 2011, Defendant made a special appearance and asked the Court to dismiss the case for lack of service. Doc. 17. The Court's electronic filing system shows that a copy of the motion to dimsiss was served electronically on Plaintiff's counsel at ctarver@tarverlaw.org, the address provided by Plaintiffs' counsel when she appeared in this case, but Plaintiffs did not timely respond to the motion. Finally, on January 24, 2012, Plaintiffs' counsel filed a response in which she asserted that the motion to dismiss was defective in various respects but said nothing about the fact that Defendant had never been served with process. Doc. 19. Defendant filed a reply (Doc. 20), and the Court concluded that this case must be dismissed for lack of service.

On February 11, 2012, Plaintiffs' counsel filed a document titled "Second Response" to the motion to dismiss. Doc. 24. The federal and local rules do not permit such a second response, and Plaintiffs' counsel did not seek leave of Court to file such a document. The filing is therefore invalid and will be stricken from the record.[2]

In summary, Plaintiffs, when acting pro se, failed to serve Defendants despite the Court's warning that the case would be dismiss if service was not completed by the

---

[1] The Local Rule assumes that the initial complaint has been served according to Rule 4, and thus requires service within 14 days only under Rule 5. In this case, because the initial complaint had never been properly served on Defendant, service under Rule 4 was still required.

[2] The purported second response, in harsh and inappropriate language, blames Defendant for not appearing voluntarily and waiving service during the many months this case has been pending. The document also asserts that Plaintiff attempted, for the first time, to serve Defendant in accordance with Rule 4 on January 27, 2012, but even this service appears to have been on a different entity.

Court's deadline. Doc. 3. When counsel appeared in the case more than six months ago, the Court granted Plaintiffs additional time, permitting counsel to file an amended complaint. Plaintiffs nonetheless failed to serve the complaint within the subsequent six months, entirely disregarding the 14-day service requirement in Local Rule 15.1. Plaintiffs' counsel never sought additional time to complete service. Although Plaintiffs' improperly filed "Second Response" claims Plaintiffs recently attempted service, the Court finds this last-minute effort, coming 15 months after this case was commenced and more than six months after counsel entered the case, is too little too late. The Court has afforded Plaintiffs ample opportunity to serve Defendant under the requirements of Rule 4, and Plaintiffs have failed timely to do so.

**IT IS ORDERED:**

1. Defendant's motion to Dismiss (Doc. 17) is **granted**.

2. The Second Response (Doc. 24) is stricken.

3. The Clerk shall terminate this action.

Dated this 13th day of February, 2012.

_____
David G. Campbell
United States District Judge